# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

CHRISTOPHER LEE THOMAS, a/k/a
Crank,
            *Defendant-Appellant.*

No. 01-4168

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

JULIUS LAMONT NEWTON, JR., a/k/a
Bey Newt, a/k/a Bey,
            *Defendant-Appellant.*

No. 01-4169

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CR-99-477-A)

Argued: February 28, 2002

Decided: March 19, 2002

Before WIDENER and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Gregory Bruce English, ENGLISH & SMITH, Alexandria, Virginia, for Appellant Thomas; Alan Hideto Yamamoto, Alexandria, Virginia, for Appellant Newton. Alessandra DeBlasio, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee. **ON BRIEF:** Kenneth E. Melson, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

In these consolidated cases, Christopher Lee Thomas and Julius Lamont Newton, Jr. appeal their convictions and sentences. Thomas was convicted of second-degree murder, *see* 18 U.S.C. § 1111, and Newton was convicted of voluntary manslaughter, *see* 18 U.S.C. § 1112, for their roles in the death of Brett Reginald Hawkins while all three men were inmates at the Lorton Reformatory Correctional Complex. On appeal, Thomas contends that the district court erred by denying his motion for a mistrial. Newton maintains that the court erred by admitting the grand jury testimony of an unavailable witness and by sustaining Thomas' objection to evidence of the victim's character. Newton also argues that the evidence at trial was insufficient to sustain his conviction. Finding no reversible error, we affirm.

I.

We first address Thomas' contention that the district court abused its discretion in denying Thomas' motion for a mistrial. At trial, the government proffered evidence that Thomas had been interviewed by

an FBI agent about the murder, and told the agent that "he didn't know anything" relevant because he "was at the ball field" when it happened. The agent further testified that the interview was very short and that Thomas had "a little bit of attitude" and "didn't want to have anything to do with the interview." Thomas objected, and the district court barred any further testimony about his demeanor. Thomas also moved, unsuccessfully, for a mistrial. On appeal, Thomas asserts that the district court's refusal to grant a mistrial was an abuse of discretion because this evidence was "equivalent to . . . commenting during closing argument that the defendant failed to testify," and therefore constituted a presumptively prejudicial violation of Thomas' Fifth Amendment rights. Brief of Appellant at 23.

Denying the motion for mistrial was not an abuse of discretion. As the district court explained, "[Thomas] didn't say he didn't want to talk to the FBI. He told the FBI he was at a different place when the murder occurred. That is two entirely different things. [Thomas] was told who they were, he was told what they were investigating, he was asked the question, and he gave an answer." *See United States v. Dorlouis*, 107 F.3d 248, 257 (4th Cir. 1997) (noting that denial of a defendant's motion for mistrial "is within the sound discretion of the district court and will be disturbed only under the most extraordinary of circumstances") (citation omitted).[1]

## II.

Newton's contentions are equally meritless.

First, Newton maintains that the district court erred in admitting the grand jury testimony of an unavailable witness. He contends that introduction of this testimony deprived him of his Sixth Amendment right to confront all witnesses against him. But it is well settled that statements by unavailable declarants are admissible if they "contain[ ] 'particularized guarantees of trustworthiness' such that adversarial testing would be expected to add little, if anything, to the statements' reliability." *Lilly v. Virginia*, 527 U.S. 116, 124-25 (1999) (quoting

---

[1]Read liberally, Thomas' brief could also be understood to assert that the evidence about his demeanor was prejudicial, but we find this argument unsupported by the record.

*Ohio v. Roberts*, 448 U.S. 56, 66 (1980)). The testimony of the unavailable witness in this case contained such guarantees: it was voluntary, given under oath to a grand jury, from personal knowledge, and consistent with testimony provided by other eye witnesses. *See United States v. McHan*, 101 F.3d 1027, 1037-38 (4th Cir. 1996).

Newton also contends the Federal Rules of Evidence barred introduction of the grand jury testimony, and that the district court erred in sustaining Thomas' objection to evidence of the victim's character. Because Newton did not raise either of these arguments before the district court, our review is for plain error. Newton must show: (1) an error; (2) that the error was plain; (3) that the error affected substantial rights. *See United States v. Olano*, 507 U.S. 725, 732 (1993). If these three elements are met, we may exercise our discretion to notice the error only if the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation and internal quotation marks omitted).

With respect to both arguments, we note that there were four eye-witnesses present at the trial who testified that Newton "tackled or caught up to and pulled down Mr. Hawkins," so that Thomas could stab him to death. The only contrary testimony came from Newton, who was self-interested, and from Thomas, who was not only self-interested but also admitted that he had lied to the FBI about his role in the killing. Given this evidence, even if admission of the challenged evidence was error, we would not exercise our discretion to notice it since such error does not "seriously affect the fairness integrity or public reputation of judicial proceedings." Furthermore, this abundant evidence also renders Newton's contention as to the alleged insufficiency of the evidence meritless.[2]

---

[2]Both Thomas and Newton also timely filed supplemental pro se petitions or letters, which we treat as supplemental appellate briefs, in which they assert that they received ineffective assistance from counsel. We review such claims on direct appeal only when the ineffectiveness "conclusively appears" on the record, and here, it does not. *See United States v. Martinez*, 136 F.3d 972, 979 (4th Cir. 1998). Thomas also raises several additional issues; all of which are clearly meritless.

### III.

Accordingly, the convictions and sentences are in all respects

*AFFIRMED*.